IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID D. RICHARDSON, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 17-0253 |
| D. EDWARD MCFADDEN, et al., | : | |
| *Respondents*. | : | |

# ORDER

**AND NOW**, this 29th day of August, 2017, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), Respondent Chester County's Response (ECF No. 9), Respondent D. Edward McFadden's Motion to Dismiss (ECF No. 10), Petitioner's Response to the motion to dismiss (ECF No. 12), the Report and Recommendation of the Honorable Henry S. Perkin, U.S. Magistrate Judge, (ECF No. 14), Petitioner's Objections thereto (ECF No. 15), Respondents' Opposition to the Objections (ECF Nos. 19 and 20), it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED** insofar as:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** with prejudice and without a hearing for the reasons stated herein;[1]

---

[1] While Petitioner was a pre-trial detainee facing state criminal charges, he filed this *pro se habeas* petition pursuant to 28 U.S.C. § 2241, claiming that an $85 booking and processing fee had been unconstitutionally assessed against him upon being taken into custody. Pet.2-5, ECF No. 1; *see also* Pet.'s Br. 1-6, ECF No. 6. By its own terms, section 2241 states: "The writ of habeas corpus *shall not* extend to a prisoner *unless … he is in custody*" or it "is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(1)-(5) (emphasis added).

Respondent Chester County opposed the petition, and Respondent McFadden filed a motion to dismiss, on the grounds that Petitioner had failed to raise any constitutional defense against his physical custody, or exhaust state remedies, as required under section 2241. Resp't Chester County's Resp. 8-9. ECF No. 9; Resp't McFadden's Mot. Dismiss Br. 4-7, ECF No. 10-2. Magistrate Judge Perkin, on referral from this Court, issued a Report and Recommendation (R&R) recommending that the petition be denied without prejudice, and dismissed without a hearing, for failure to exhaust state remedies. R&R 7-10, ECF No. 14.

Plaintiff filed timely objections to the R&R "regarding exhaustion insofar as said analysis erroneously subjects petitioner to the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(A)." Objs. 1, ECF No. 15. He also implicitly concedes that he is not challenging the constitutionality of his physical custody or the state criminal proceedings; rather, he is only seeking to recover for the allegedly unconstitutional seizure of the $85 special assessment "from

2. The Motion to Dismiss (ECF No. 10) is **GRANTED**;

3. There is no probable cause to issue a certificate of appealability; and

4. The Clerk of Court is directed to **CLOSE** this case for statistical and all purposes.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II  J.

---

his inmate account." *Id*. at 4 (citing to *Burns v. PA Dep't of Correction*, 544 F.3d 279, 291 (3d Cir. 2008) (holding that an inmate had a "protected property interest" in his inmate account "for purposes of procedural due process" where his account had been assessed for "medical and other expenses" as punishment for having assaulted a fellow inmate in a case brought pursuant to 42 U.S.C. § 1983, not section 2241)).

Respondents oppose Petitioner's objections. They point out that Petitioner is no longer "in custody with respect to his case at CP-15-CR-0001534-2016," the state criminal case that originally gave rise to his petition. Opp. Br. 3, ECF No. 19. In fact, on June 1, 2017, Petitioner pled guilty to disorderly conduct and was sentenced with credit for time served. *Id*. (citing and attaching the state court record). Respondents restate their non-exhaustion argument, but also expand on the argument that section "2241 is not the appropriated (*sic*) vehicle" to raise a claim for an alleged unconstitutional taking of funds, especially since it is undisputed that Petitioner is no longer in custody. *Id*.

On *de novo* review of an R&R, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Although Judge Perkin is correct that Petitioner has failed to exhaust his claim, the petition fails right out the door because section 2241 is not the proper vehicle to challenge an allegedly unconstitutional taking of property even if it occurs during pre-trial detention. *See Credico v. BOP FDC Warden of Philadelphia*, 592 F. App'x 55, 57-58 (3d Cir. 2014) (holding that claims for illegal seizure of property while in custody are civil rights claims, and are not cognizable under section 2241, where none of those "claims is a challenge to the fact or duration of imprisonment"). The petition is therefore denied with prejudice, and without a hearing, as a matter of law.